THOMAS F. HICKS et al. *v.* GEORGE W. HARRIS.

Where A. brought suit against B. and C., as administrators of V., upon a note executed by their intestate, and pending the suit, B. one of the administrators, dies, and a *scire facias* was issued against the executors of B. to revive the suit in their name, which had been instituted against B. and C., as administrators, &c.; *held*, that this was erroneous, as the suit could have gone on against C., the surviving administrator.

The amendment allowed of the declaration originally filed against B. and C., as administrators of V., after the death of B. had been suggested, is *held* to be error, and should have been, on motion, struck from the record.

IN error from the circuit court of Clarke county; Hon. John Watts, judge.

This was a suit instituted by George W. Harris against Lang

and Hicks, as administrators of the estate of James Vance, upon a promissory note executed in the lifetime of Vance, to Harris, the appellee.    After the term of the court to which suit was brought, Lang, one of the administrators of Vance, died, and his death was suggested, and entered on the record of the court, and a *scire facias* was ordered to revive the suit against Clement Lang and Willis Lang, his executors, which was done.  The plaintiff (Harris), in the court below, after the death of Lang, one of the administrators of Vance, had been suggested at a previous term of the court, obtained leave to file an amended declaration in the case, alleging that said Lang and Hicks were the executors of James Vance, deceased, and in that character seeking to make them liable for the amount of the note, the suit having been originally brought against them, as administrators of said Vance; and this was done after Lang, one of the original parties sued, had died,

The counsel for the defendants moved the court to strike the amended declaration from the records, which motion was over-ruled, and the defendants prayed a writ of error to this court.

*Guion*, *Baine*, and *Dawson* for appellant.

The suit is revived in the name of Harris, against the defendants below, as executors *de son tort*, after the final settlement as administrators, and they are sought to be made liable in that capacity.   This is certainly a novel proceeding.   The final settlement should have been set aside by a regular proceeding, and cannot be evaded in this way.

What acts will make a man an executor *de son tort*, is a question of law, but it is for a jury to say whether the facts are sufficiently proved.   2 Lom. 433; T. R. 97.

*D. C. Glenn* for appellee.

From an abstract which I file in this case, the court will see that Harris was a creditor of one Vance, who died.   On his death, Hicks, and the testator of the others, plaintiffs in error, seized on all, or nearly all, of his property, and disposed of it for their own benefit, without administration.   Harris brought suit

against them for the recovery of his debt, and on two occasions a verdict was rendered in his favor. On the first, a new trial was granted; and on a refusal to grant a new trial of the second, this writ of error was sued out.

If one who is neither executor nor administrator intermeddles, even though slightly, with the goods of the deceased, he thereby makes himself an executor *de son tort.* And he is liable to be' sued as such by a creditor of decedent. 10 Ves. 93. As against creditors, an executor *de son tort* is justified in paying the debts of the deceased, and if sued by such, he may plead *plene administravit*, and will be allowed all payments made of just debts to any other creditors, in equal or a superior degree, or in the course of administration; though he cannot, in any case, retain any part of the goods of the deceased in satisfaction of his own debt. *Glenn* v. *Smith*, 2 Gill & Johns. 493. He cannot give in evidence, under *plene administravit*, or specially plead a retainer for his own debt; for otherwise, the creditors of the deceased would be running a race to take possession of his goods. *Campbell* v. *Touley*, 7 Cow. 64; 1 Com. Dig. 502, c. 3; *Turner* v. *Child*, 1 Dev. (N. C.) 331; *Hardy* v. *Thomas*, 1 Cushm. 546.

The charges granted by the court are fully sustained by the foregoing authorities, and there is no error therein.

The evidence fully sustains the form of action and the two verdicts. It shows in substance, and simply this: Vance died, and Lang and Hicks seized on and appropriated every thing he had to themselves, and have never accounted, or undertaken to account, for the same.

No question being made on the pleadings in this court, and the above being the only points now here raised, the judgment ought to be affirmed.

Mr. Justice FISHER delivered the opinion of the court.

The defendant in error brought a suit founded upon a promissory note made by one James Vance, deceased, in the circuit court of Clarke county, against William A. Lang and Thomas J. Hicks, as his administrators.

Lang having died, his death was suggested, and a *scire facias* ordered to be issued to bring into court Clement Lang, William Lang, and Willis Lang, executors of the last will and testament of William A. Lang, deceased.

They appeared at the October term, 1849, of the court, and demurred to the *scire facias*. The court overruled their demurrer, and ordered the suit to be revived against them, as executors of William A. Lang, deceased.

Notwithstanding the death of William A. Lang had been suggested at the previous term of the court, the court allowed the plaintiff to file an amended declaration, alleging that Lang and Hicks were then executors of Vance, and in this character seeking to charge them for the note, the foundation of the suit originally brought against them as administrators of Vance.

The parties defendants to the suit moved the court to strike this declaration from the record, which motion was by the court overruled.

To continue the statement of the case will only bring to view errors equally as apparent as those already stated. The record, perhaps, contains nearly a hundred pages, and presents, from the first order in the cause to the final judgment, an amount of error which but seldom finds its way into judicial proceedings.

It must be borne in mind, that Lang and Hicks were sued as administrators of Vance, and in this character alone sought to be made liable. Lang died, leaving Hicks the surviving administrator. There was no difficulty in the suit's going on against the surviving administrator. But the plaintiff below thought otherwise, and hence he took the order to revive the suit against the executors of Lang, the deceased administrator. This, of course, was an effort to make Lang's estate liable for the debt of Vance. The original suit against him was brought for no such purpose. It was like every other suit founded upon a promissory note of the deceased against the administrator. There is nothing in either the declaration of the plaintiff, or the pleadings of the administrators, which looks to a personal liability. What, then, has rendered Lang personally liable

since the commencement of the suit, that his executors must be made parties thereto after his death? They represent only his estate, and not the estate of Vance. They perhaps could be required to settle his administration with the surviving administrator in the probate court, so as to place the whole estate in his hands. But this is all that they could be required to do. Lang was not personally liable before his death, at least it is not by the record up to that time so pretended. Hence, if his estate is now liable for the debt, his death must have made it so. The record certainly shows no other cause, and no other can be imagined.

Having gone through the record, as made previous to Lang's death, it only remains to state what the order of the court should have been, upon suggesting his death. The suit as to him was abated. 1 Cushm. 40. If he had been the only administrator, it might have been revived, under the statute of 1846, against the administrator *de bonis non* on Vance's estate.

This disposes of the case as to Lang's executors.

The judgment as to them is reversed, the demurrer to the *scire facias* sustained, and the order reviving the suit against them reversed, and held for nought.

The judgment as to Hicks is also reversed, the order overruling the motion to strike from the record the amended declaration is reversed, the motion is sustained, and cause remanded to be tried upon the original declaration, and such amendments as the court may allow thereto, to reach the merits of the cause, so as to charge Hicks as surviving administrator of Vance.

It is unnecessary for us to notice the other question, as to what will make a party an executor *de son tort*. The party here is sued as an administrator. In this character, he can be made liable for all goods received at any time after the death of Vance. The grant of letters relates back to the death of the intestate; and the administrator is bound to inventory all property by him received belonging to the deceased, whether he was at the time administrator in fact or not. If he has dis-

posed of or wasted the property, he is still chargeable for its value, and the probate court can compel him to account for the same.

This disposes of the various questions requiring notice.

The judgment of this court will be entered as hereinbefore directed.